UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO:

CARLY WILLIAMS,

    Plaintiff
v.

TRIDENT HOME LOANS, LLC, and
and MARTIN MEDVE, individually

    Defendants
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, CARLY WILLIAMS ("Plaintiff"), pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. §§ 201-216*, files this Complaint for Damages and Demand for Jury Trial against Defendants, TRIDENT HOME LOANS, LLC ("Trident Loans") and MARTIN MEDVE ("Medve"), and alleges the following:

### INTRODUCTION

1. Defendants unlawfully deprived Plaintiff of overtime compensation during the course of her employment. This is an action arising under the FLSA pursuant to *29 U.S.C. §§ 201-216*, to recover all overtime wages owed to Plaintiff.

### PARTIES

2. During all times material hereto, Plaintiff was a resident of Escambia County, Florida, was over the age of 18 years, and was otherwise *sui juris*.

3. During all times material hereto, Defendant, TRIDENT LOANS, was a Florida corporation with its principal place of business at 1517 N. Baylen St. Pensacola, FL 32501, within the jurisdiction of this Honorable Court.

4. Upon information and belief, at all times material hereto Defendant, MEDVE, was a resident of the Northern District of Florida and was the Managing Member and Chief Executive Officer of Defendant, TRIDENT LOANS, within Escambia County, Florida.

5. At all times material hereto, Defendant, MEDVE, was vested with ultimate control and day-to-day decision-making authority to hire, fire, and discipline TRIDENT LOANS employees, including Plaintiff.

6. During all times material hereto, Defendant, MEDVE, also exercised control and authority over the payroll practices of Defendant, TRIDENT LOANS.

7. Defendant, TRIDENT LOANS, was Plaintiff's FLSA employer, as that term is defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

8. Defendant, MEDVE, was also Plaintiff's FLSA employer, as that term is defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

9. All acts and omissions giving rise to this dispute took place within Escambia County, Florida. Jurisdiction is therefore proper within the Northern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

10. Venue is also proper within the Northern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

11. Defendant, TRIDENT LOANS, is a national mortgage lender that services home loans and home refinances throughout the United States.

12. Defendants employ dozens of junior loan processors like Plaintiff to assist Defendants to process loans.

## FLSA COVERAGE

13. During all times material hereto, Defendant, TRIDENT LOANS, was covered under the FLSA through enterprise coverage, as Defendant, TRIDENT LOANS, was engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. More specifically, during all times material hereto, Defendant, TRIDENT LOANS, employed at least two (2) or more employees who regularly handled goods and/or materials on a constant and/or continuous basis that traveled across state lines, including, but not limited to, the following: cellular telephones, computer equipment, paper goods, office supplies,

pens, office chairs, printers, staples, paper clips, rubber bands, tape, chairs, keyboards, extension cords, scissors, highlighters, and other office materials.

14. During all times material hereto, Defendant, TRIDENT LOANS, employed two (2) or more employees that were engaged in interstate commerce as junior loan processors and loan originators that processed loans across state lines, verified appraisals across state lines, sent closing disclosures to clients across state lines, and otherwise communicated through instrumentalities of commerce with borrowers from states other than Florida on a regular and recurrent basis.

15. Upon information and belief, Defendant TRIDENT LOANS grossed or did business in excess of $500,000.00 in 2018, 2019, 2020, and is expected to gross in excess of $500,000.00 in 2021.

16. Plaintiff's work for all Defendants was actually in, or so closely related to the movement of commerce while she worked for Defendants, that Plaintiff is covered under the FLSA through individual coverage, as Plaintiff regularly and recurrently used the instrumentalities of interstate commerce for her work. More specifically, Plaintiff regularly and recurrently engaged in using the instrumentalities of commerce, including landline telephones, cellular mobile phones, computers and other electronic devices, to send and receive invoices, closing documents and other verbal and written correspondences across state lines during her employment period with Defendants

17. During all times pertinent to her employment, Plaintiff was required, on a daily basis and as an integral function of her work, to make calls to clients in other states and to conduct transactions with borrowers in other states. Furthermore, Plaintiff regularly and recurrently used the instrumentalities of interstate commerce in assisting borrowers outside of Florida in their procurement of mortgages and loans.

## PLAINTIFF'S WORK FOR DEFENDANTS

18. Plaintiff worked for Defendants as a janitor and junior loan processor beginning in or around March 2020.

19. Plaintiff became a full-time loan junior loan processor for Defendants on or about June 9, 2020.

20. Plaintiff's work for Defendants did not require a license or advanced degree.

21. Beginning in or around June 2020, Plaintiff worked an average of forty-five (45) hours per week. Plaintiff continued working approximately of forty-five (45) hours per week until her termination on or about September 7, 2021.

22. After hiring Plaintiff as a non-exempt employee, Defendants regularly supervised Plaintiff's work and knew, or should have known, the number of hours Plaintiff worked each workweek.

23. However, Defendants did not pay Plaintiff one and one half time her regular hourly rate when she worked over forty (40) hours in a workweek. Instead, Defendants paid Plaintiff $3,500.00 per month, regardless of the number of hours she worked.

24. Defendant, TRIDENT LOANS, through the actions of Defendant, MEDVE, knew that Plaintiff was working in excess of forty (40) hours per week but intentionally refused to pay Plaintiff the proper overtime wage rate of one-and-a-half times the regular hourly rate, and incorrectly misled Plaintiff about overtime requirements, and approved the unlawful treatment of Plaintiff during her employment period.

25. Moreover, Defendants did not maintain accurate time records during Plaintiff's employment period.

26. As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS - *29 U.S.C. § 207*
**(Against All Defendants)**

27. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 26 as though set forth fully herein.

28.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b).*

29.     During all time periods material hereto, Plaintiff was a non-exempt employee.

30.     Plaintiff performed work for Defendants during her employment for which she should have received time-and-one-half her regular hourly rate for all hours worked in excess of forty (40) in one or more work weeks.

31.     Defendants refused to pay Plaintiff one-and-one-half times her regular hourly rate for some hours of work performed over forty (40) in one or more weeks of her employment.

32.     Plaintiff therefore claims the federal overtime wage rate for each hour worked in excess of forty (40) per week during her employment for which she was not properly compensated.

33.     Defendants willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages as required by the FLSA, as Defendants knew or should have known of the FLSA's overtime wage requirements.

34.     Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

35.     Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

36. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, CARLY WILLIAMS, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, TRIDENT HOME LOANS, LLC, and MARTIN MEDVE, individually, and award Plaintiff: (a) unliquidated damages to be paid by Defendants, jointly and severally; (b) liquidated damages to be paid by Defendants, jointly and severally; (c) all reasonable attorney's fees and litigation costs to be paid by Defendants, jointly and severally; and any and all further relief as this Court deems equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, CARLY WILLIAMS, hereby demands a trial by jury on all appropriate claims.

**Dated: November 22, 2021**

**USA EMPLOYMENT LAWYERS-JORDAN RICHARDS, PLLC**
1800 S.E. 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
Jordan@jordanrichardspllc.com
Jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on November 22, 2021.

> By: */s/ Jordan Richards*
> JORDAN RICHARDS, ESQUIRE
> Florida Bar No. 108372

## SERVICE LIST: